UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FRUIT BELT CANNING CO., INC, )
d/b/a FRUIT BELT FOODS, )
)
Plaintiff, )
) No. 05 C 4359
v. )
) Judge John W. Darrah
HEINEMANN'S INC., et al., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Fruit Belt Canning Co., filed a seven-count Complaint against Defendants for violations of the Perishable Agricultural Commodities Act ("PACA"). The Complaint alleged that the Defendants failed to pay the invoices for seven shipments of produce purchased from Fruit Belt. The parties settled the claims shortly after the filing of the Complaint. As a part of that settlement, Defendants paid the amount stated in the seven invoices plus interest. Presently before the Court is Fruit Belt's Petition for Attorneys' Fees.

## BACKGROUND

Fruit Belt seeks a total of $15,041.00 in attorneys' fees, billed by three attorneys for a total of 66.20 hours. Fruit Belt also seeks $795.47 in costs.[1] Defendants object to the number of hours billed by Fruit Belt's counsel, as well as several of the costs for which Fruit Belt seeks recovery.

---

[1] Fruit Belt argues that it is entitled to attorneys' fees as a component of a PACA trust claim and Fruit Belt's contractual language on its invoices, preserving those trust rights. *See* 7 U.S.C. § 499e(c)(2). Because Defendants agree that Fruit Belt is entitled to fees and costs in this case, this argument need not be addressed at length.

Defendants have requested that the Court strike or, alternatively, reduce several of Fruit Belt's attorneys' billed services and costs because they were excessive, unnecessary, redundant, or inadequately documented.[2]

## ANALYSIS

### *Attorneys' Fees*

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The court should exclude from the initial fee calculation hours that were not reasonably expended, including those that are excessive, redundant, or otherwise unnecessary. *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 550-52 (7th Cir.1999) (*Spegon*). The court may also exclude hours that are documented inadequately so as to prevent the court from determining its reasonableness. *Zadkowski v. West Bend Company,* 789 F.2d 540, 548 (7th Cir.1986) (citing *Hensley,* 461 U.S. at 437). As a general rule, "hours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Hensley,* 461 U.S. at 434 (emphasis in original); *Spegon,* 175 F.3d at 550 (addressing the Fair Labor Standards Act). The court has broad discretion in setting the amount of the award but should explain deviations from the petitioner's claimed rates or hours. *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 519 (7th Cir.1993).

Defendants object to time billed for drafting the Complaint, reviewing the Complaint, confirming the filing of the Complaint, and drafting and reviewing a motion for substitution of counsel, totaling 7.9 hours. Defendants argue that these times were unnecessary and excessive. The 3.9 hours billed for drafting the Complaint is not excessive, but the other requested billable time is

---

[2] Fruit Belt failed to submit a reply brief addressing Defendants' arguments.

2

not reasonable. For example, Fruit Belt requests 1.4 hours for preparation of a substitution of counsel motion even, though co-counsel had been involved from the beginning of the case. While the Court will allow recovery for strategizing with co-counsel (1.8 hours total, of which 0.1 was contested, is reasonable and allowed), the motion for substitution of counsel is not reasonable and is not recoverable. Finally, Fruit Belt is not entitled to reimbursement to confirm that its staff properly filed the Complaint. Fruit Belt's fee request for these contested services is reduced to 4.0 hours.

Fruit Belt requests a fee award for the service of process. Fruit Belt spent a total of 4.3 hours researching the Defendants' addresses and teleconferencing with the process server on various matters, ranging from debating the cost of service to confirming service on some Defendants. These fees are not reasonable in light of the numerous process servers available. Spending approximately 1.6 hours (costing $376) discussing the cost of service is not reasonable when the Marshal's service of process fee is $40. *See Bilal v. BP America, Inc.*, 2006 WL 850849, at *2 (N.D. Ill. March 24, 2006) (*Bilal*). Fruit Belt also is not entitled to 0.9 hours for confirming service with the process server. Accordingly, Fruit Belt is awarded 1.0 hour of time in connection with service of process.[3]

Fruit Belt also seeks fees for 12.7 hours of time spent preparing discovery requests that were never served upon any of the Defendants. Because these documents were never served and considering the absence of litigation and almost immediate settlement, these fees were not necessary and are not reasonable.

---

[3]This amount does not include 1.1 hours for a skip trace to determine the addresses of Principal Defendants, which Defendants do not contest, and is, therefore, also awarded.

3

Next, Fruit Belt requests a total of 21.6 hours preparing for and attending two status hearings and two settlement conferences. The preparatory time (around 1.5 hours for each status hearing) is excessive, considering that the only filed document in the case was the Complaint. Fruit Belt's attorney stated in his affidavit that he does not bill for travel time; yet, one of the billing entries regarding a settlement conference expressly charges for travel time. Fruit Belt overbilled for a status hearing, a court hearing, and a settlement conference with Defendants' counsel, including billing for travel time.

More than an hour to review the Complaint on several occasions, as well as spending approximately two hours preparing a status report, is not reasonable. As mentioned above, the attorney for Fruit Belt submitted an affidavit, stating that he does not bill for travel time. Therefore, round-trip from Palatine to downtown Chicago of 4.5 hours requested by Fruit Belt for a status hearing is reduced to 1.5 hours. While Defendants ask the Court to reduce the first settlement conference time as well, they have provided no evidence to suggest that 3.4 hours for the settlement conference was unnecessary or excessive. Fruit Belt is, therefore, awarded 10.9 hours in connection with these services.

Finally, Fruit Belt seeks 8.0 hours for preparing its fee application. Defendants argue that Fruit Belt's counsel explicitly agreed at the settlement conference not to charge for time spent preparing the fee petition. Because Fruit Belt does not dispute this statement, Fruit Belt's request for fees in connection with the fee petition is denied.

*Costs*

The district court has broad discretion in determining the appropriate costs and expenses to be awarded. *See Haroco, Inc. v. American National Bank and Trust Company of Chicago,* 38 F.3d 1429, 1439 (7th Cir.1994). The court may award costs that are reasonable and necessary to the litigation, *Harkins v. Riverboat Services, Inc.,* 286 F. Supp. 2d 976, 979 (N.D. Ill. 2003), and may reduce or deny reimbursement for any expenses that are not properly documented, *Altergott v. Modern Collection Techniques, Inc.,* 864 F. Supp. 778, 780 (N.D. Ill. 1994).

Fruit Belt seeks to recover the $250 filing fee incurred by filing the Complaint against Defendants. Defendants do not object to this expense. Fruit Belt is, therefore, awarded the $250.00 filing fee cost.

Next, Fruit Belt requests $175.00 for a "process server fee."[4] Fruit Belt fails to attach an invoice or receipt for this fee. Accordingly, this fee is inadequately documented. Parties entitled to fees pursuant to a statutory fee-shifting provision may recover service costs that do not exceed the Marshal Service's fees, regardless of who effected service. *Collins v. Gorman,* 96 F.3d 1057, 1060 (7th Cir.1996). The Marshal's Service charges $40.00 per hour for the first two hours and $20.00 for every hour thereafter. *Bilal,* 2006 WL 850849, at *2. Accordingly, Fruit Belt is awarded one hour's time for its process server fee, for a total of $40.00.

Fruit Belt requests a total of $162.33 in long-distance telephone calls. Defendants argue that the telephone charges are inadequately documented. For example, Fruit Belt's invoice dated August 8, 2005, bills $20.99 in long-distance telephone charges. However, the billing records of the

---

[4]Although two "process server fee" charges appear on the itemized list attached to Fruit Belt's Petition, it appears that the charges incurred from 8/5/05 through part of 9/30/05 have been duplicated.

attorneys during that billing cycle do not contain any reference to teleconferences that would support that charge. Fruit Belt's billing invoice dated September 14, 2005, shows several "extended teleconferences"; but the long-distance charges on that bill are only $16.63. Without knowing the nature and extent of the calls made, it cannot be determined if the calls were reasonably necessary and the costs were reasonable. These expenses are, therefore, denied.

Fruit Belt next requests a total of $102.00 in copying costs. Defendants contend that these charges are inadequately documented and should be denied. Copying charges that are not discernable from the supporting documentation are not allowed. *See American Automotive Accessories v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill.1995); *Falcon v. City of Chicago*, 2000 WL 1231403 *1, *2 (N.D. Ill. Aug. 28, 2000). The itemized list of costs identifies these costs as "copy expenses" and then indicates the number of pages. The charge of each copy is $0.25.[5] The itemized list does not describe what documents were copied. Based on the information provided, it cannot be determined if these materials were reasonably necessary. Accordingly, Fruit Belt's request for copy expenses is denied.

Fruit Belt seeks reimbursement for $14.00 in facsimile transmission expenses, for a total of fourteen pages faxed at a charge of $1.00 per page. Again, it cannot be determined from this bill what documents were faxed and if those faxes were reasonably necessary. Fruit Belt's request for facsimile expenses is denied.

---

[5]The charge of $0.25 per copy also exceeds what courts have traditionally considered to be reasonable. *See Firestine v. Parkview Health System, Inc.*,374 F. Supp. 2d 658, 671-72 (N.D. Ill. 2005) ($0.10 per page is reasonable); *see also Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir.2001) (charges for in-house copying may not exceed the charges of local printshops unless the party can explain why the higher charge is appropriate).

Fruit Belt requests $45.00 for "database research" expenses. Other than identifying the type of cost as database research, Fruit Belt does not identify these costs to determine if they were necessary and reasonable. Therefore, these costs are not recoverable.

Finally, Fruit Belt's requests a total of $47.14 in Federal Express expenses. Postage or delivery costs are considered ordinary business expenses and are not recoverable. *McConnell v. Iovino Boersma Enterprises, Inc.*, 2005 WL 1520806 (N.D. Ill. 2005) (general courier costs not recoverable); *see also Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002) (postage for obtaining deposition transcripts is not recoverable).

Based on the above, Fruit Belt is awarded fees for a total of 27.6 hours[6] and, calculated at the corresponding billing rates for each attorney, totaling: $1,175.00 for attorney Mary Elizabeth Gardner (5.0 hours at $235 per hour); $1,148.00 for attorney Michael J. Keaton (4.1 hours at $280 per hour); and $4,070.00 to attorney Patrick J. Reda (18.5 hours at $220 per hour). Fruit Belt is also awarded $290.00 for costs.

## CONCLUSION

Fruit Belt's Motion for Attorneys' Fees is granted in part and denied in part. Fruit Belt is awarded a total of $6,393.00 in attorneys' fees and $290.00 in costs.

Dated: May 17, 2006

JOHN W. DARRAH
United States District Court Judge

---

[6]This is calculated by adding the uncontested time (11.7 hours) to the determinations of contested fees (awarding 15.9 hours).